**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Leopoldo ANTUNEZ–CORNELIO, a.k.a. Juan Carlos Simon–Castro, Defendant–Appellant.**

**No. 14–14008 Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

July 15, 2015.

---

Peter J. Sholl, Arthur Lee Bentley, III, Donald L. Hansen, U.S. Attorney's Office, Tampa, FL, for Plaintiff–Appellee.

Adeel Bashir, Mary A. Mills, Federal Public ·Defender's Office, Tampa, FL, Rosemary Cakmis, Donna Lee Elm, Federal Public Defender's Office, Orlando, FL, for Defendant–Appellant.

Before MARTIN, JULIE CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Leopoldo Antunez–Cornelio appeals his 70–month sentence for unlawfully entering the United States and unlawfully re-entering the United States after having been deported. On appeal, Antunez–Cornelio argues that the district court erred by applying a 16–level enhancement under United States Sentencing · Guidelines § 2L1.2(b)(1)(A). Specifically, he argues that his prior conviction under Florida's drug trafficking statute, Fla. Stat. § 893.135, is not a "drug trafficking offense" under USSG § 2L1.2. We review *de novo* the district court's application of the Sentencing Guidelines. *United States v. Madera–Madera*, 333 F.3d 1228, 1231 n. 2 (11th Cir.2003).

A defendant convicted ,of unlawfully re-entering the United States receives a 16–level enhancement if he or she was previously deported following a conviction for a felony drug trafficking offense that carried more than a 13–month sentence. USSG § 2L1.2(b)(1)(A)(i). A drug trafficking offense is "an offense under federal, state, or local law that prohibits," among other things, the "distribution, or dispensing of, or offer to sell a controlled substance ... or the possession of a controlled substance ... with intent to ... distribute[ ] or dispense." *Id.* § 2L1.2 cmt. n. 1(B)(iv).

The district court did not err in determining that Antunez–Cornelio's prior conviction was a drug trafficking offense qualifying him for an enhancement under USSG § 2L1.2(b)(1)(A). Under Florida's drug trafficking statute,

[a]ny person who knowingly sells, purchases, manufactures, delivers, or brings into [Florida], or who is knowingly in actual or constructive possession of, 14 grams or more of amphetamine ... or methamphetamine ... commits a felony of the first degree, which felony shall be known as "trafficking in amphetamine." § 893.135(1)(f). Florida's trafficking statute is divisible because it sets out one of its elements in the alternative. *See Descamps v. United States,* 570 U.S. ——, ——, 133 S.Ct. 2276, 2281, 186 L.Ed.2d 438 (2013). Because some convictions under Florida's trafficking statute are drug trafficking offenses and others are not,[1] we apply the modified categorical approach and look to a limited class of documents to determine which of the alternative elements formed the basis of Antunez–Cornelio's conviction. *See id.* The defendant's assent to a factual proffer during a plea colloquy may be used to establish which alternative formed the statutory basis of conviction. *See United States v. Diaz–Calderone,* 716 F.3d 1345, 1348, 1351 (11th Cir.2013) (holding that defendant's assent to factual basis after pleading guilty was enough to show which crime he committed for purposes of a crime-of-violence enhancement). Though it is uncertain whether a factual proffer following a "best interests" plea can be used for the same purpose absent the defendant's assent, *id.* at 1351, here the district court did not err by relying on Anunez–Cornelio's factual basis.

At the plea colloquy, the State agreed to reduce the charge against Antunez–Cornelio to Trafficking in Amphetamine (14 to 28 grams). Antunez–Cornelio's attorney stated that he would "plead[ ] guilty in his best interest," and then pleaded guilty. When the court asked for the factual basis for the charge, the State said that Antunez–Cornelio "delivered 29.2 grams of methamphetamine to law enforcement in exchange for $1,500." When asked by the court whether he would like to make any changes to the factual proffer, Antunez–Cornelio's attorney replied, "further testimony would reveal that the weight was 27.9. That's the only addition." The court "f[ound] the factual basis for his plea as reflected in the criminal report affidavit" and accepted his guilty plea. Antunez–Cornelio did not object to the state court's finding regarding the factual basis, nor did he assert his factual innocence during the plea colloquy.

While Antunez–Cornelio did not admit to delivering drugs—indeed, his "best interest" plea suggests the opposite—this does not affect our analysis of which alternative element formed the basis of his conviction. Antunez–Cornelio assented to the proffer because he made a specific objection, disputing the quantity of drugs involved, but did not challenge the fact that he delivered, rather than possessed, the drugs. This establishes that delivery of methamphetamine was the statutory basis for his conviction. As Antunez–Cornelio conceded before the district court, a conviction for delivering methamphetamine is a drug trafficking offense and qualifies him for an enhancement under USSG § 2L1.2(b)(1)(A).

---

1. For example, mere purchase is not a drug trafficking offense under USSG § 2L1.2. *See United States v. Shannon,* 631 F.3d 1187, 1189 (11th Cir.2011) (purchase of cocaine is not a "controlled substance offense" under USSG § 4B1.2(b), which is substantially similar to the definition of a "drug trafficking offense" in USSG § 2L1.2, *see United States v. Orihuela,* 320 F.3d 1302, 1304 (11th Cir.2003) (per curiam)). However, even Antunez–Cornelio recognizes that delivery under § 893.135(1)(f) falls within the drug trafficking definition in USSG § 2L1.2.

Upon review of the record and consideration of the parties' briefs, we find no error in Antunez–Cornelio's total sentence.

**AFFIRMED.**